IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EVERETT SMITH, | : | |
| | : | |
| Petitioner, | : | |
| | : | No. 5:24-CV-48-CAR-CHW |
| v. | : | |
| | : | |
| Warden GREGORY SAMPSON, | : | Proceedings under 28 U.S.C. § 2254 |
| | : | |
| Respondent. | : | |
| | : | |

**ORDER ON MOTION FOR LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS***

Before the Court is *pro se* Petitioner Everett Smith's Motion for Leave to Appeal *In Forma Pauperis* ("IFP") the Court's Order adopting the Magistrate Judge's Report and Recommendation to deny Petitioner's Section 2254 petition, except for the Recommendation to deny a certificate of appealability [Doc. 13], and overruling Petitioner's Objection [Doc. 12]. As explained below, Plaintiff's Motion [Doc. 19] is **GRANTED**.

BACKGROUND

Petitioner filed his § 2254 petition, raising six claims of ineffective assistance of trial counsel and two claims of ineffective assistance of appellate counsel. The Magistrate

1

Judge recommended Petitioner's § 2254 petition be denied and a certificate of appealability also be denied.[1]

After considering Petitioner's Objection,[2] this Court adopted the Magistrate Judge's Report and Recommendation to deny Petitioner's § 2254 petition.[3] The Court granted Petitioner a certificate of appealability under 22 U.S.C. § 2253(c) as to whether the Georgia Court of Appeals applied *Strickland v. Washington*[4] in an objectively unreasonable manner in its decision denying Petitioner received ineffective assistance of counsel when Petitioner's counsel (1) cut off Petitioner's testimony at trial, (2) failed to call Petitioner's mother and sister as exculpatory witnesses, and (3) failed to timely subpoena and call DFCS employee Lukienna Diggs as a witness.[5] Judgment was entered on July, 15, 2025.[6]

Petitioner timely filed a Notice of Appeal,[7] but on August, 19, 2025, the Eleventh Circuit Court of Appeals dismissed Petitioner's appeal pursuant to 11th Cir. R. 42-1(b)

---

[1] Report and Recommendation, Doc. 9.
[2] Objection, Doc. 12.
[3] Order on Report and Recommendation, Doc. 13.
[4] 466 U.S. 668 (1984).
[5] Doc. 13 at p. 3-4.
[6] Judgment, Doc. 14.
[7] Notice of Appeal, Doc. 15. The Notice of Appeal was filed on July 28, 2025, within the 30-day period set forth in Rule 4 of the Federal Rules of Appellate Procedure. *Id.*; Fed. R. App. P. 4(a)(1)(A) ("[T]he notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). As the order and judgment appealed from were entered on July 15, 2025, the time for filing a notice of appeal expired on August 14, 2025. In addition, Petitioner's failure to prepay the filing fees does not affect the timeliness of his notice of appeal. *See* Fed. R. App. P. 3(a)(2); *Parissi v. Telechron, Inc.*, 349 U.S. 46, 47, 75 S. Ct. 577, 99 L. Ed. 867 (1955); *see also Gould v. Members of New Jersey Div. of Water Pol'y & Supply*, 555

because he failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed *in forma pauperis* in district court within the time fixed by the rules.[8] On September 25, 2025, Petitioner filed his Motion for Leave to Proceed IFP on Appeal.[9]

## DISCUSSION

The Court may authorize Plaintiff's request to proceed IFP on appeal pursuant to 28 U.S.C. § 1915(a)(1), but "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."[10] "[G]ood faith' . . . must be judged by an objective standard."[11] A petitioner demonstrates good faith when he seeks review of a non-frivolous issue.[12] An issue "is frivolous if it is 'without arguable merit either in law or fact.'"[13] "Arguable means being capable of being convincingly argued."[14] "In

---

F.2d 340, 341 (3d Cir. 1977) ("[T]he filing fee requirement cannot operate to render untimely a notice of appeal that is timely received in the Clerk's office."); *Hatchell v. Heckler*, 708 F.2d 578, 579 (11th Cir. 1983) (same).

[8] Mandate of USCA Dismissing Appeal, Doc. 18 at 2.

[9] Doc. 19. Petitioner's Motion for Leave to Proceed IFP on appeal is not untimely under 28 U.S.C. § 1915, Fed. R. App. P. 24, or 11th Cir. Rule 24-2. *See Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1245 (5th Cir. 1975), *superseded by statute on other grounds as recognized in Thompson v. Drewry*, 138 F.3d 984, 985–86 (5th Cir.1998) ("There is no requirement under 28 U.S.C. § 1915 that an application to proceed IFP be filed at any particular time."); Fed. R. App. P. 24 (prescribing no time period within which a motion to proceed IFP on appeal must be filed in the district court); 11th Cir. Rule 24-2 (specifying no time period for filing an IFP motion in the district court).

[10] 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3).

[11] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[12] *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981).

[13] *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

[14] *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'"[15]

As set forth in this Court's Order granting Petitioner a certificate of appealability under 28 U.S.C. § 2253,[16] Petitioner seeks review of non-frivolous issues and thus, demonstrates good faith in taking this appeal. Moreover, based on Petitioner's financial information submitted in support of his Motion, the Court is persuaded that he is unable to pay the costs and fees associated with this appeal.

## CONCLUSION

As explained above, Petitioner's Motion for Leave to Proceed IFP on Appeal [Doc. 19] is **GRANTED**. If Petitioner wishes to proceed with his appeal, then he must file a motion to reinstate with the Clerk of Court of the Eleventh Circuit Court of Appeals as his appeal has been dismissed.[17]

**SO ORDERED,** this 3rd day of October, 2025.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[15] *Sun*, 939 F.2d at 925 (citations omitted).

[16] Doc. 13 at p. 3-4.

[17] 11th Cir. R. 42-1(b) ("If the default is remedied outside of the 14-day notice period, the appellant must also file a motion to reinstate if the appeal has been dismissed[.]").